ROTHNER, SEGALL & GREENSTONE
ANTHONY R. SEGALL (CSB No. 101340)
E-Mail: asegall@rsglabor.com
MICHELE SHERER ANCHETA (CSB No. 192039)
E-Mail: mancheta@rsglabor.com
510 South Marengo Avenue
Pasadena, California 91101-3115
Telephone:  (626) 796-7555
Facsimile:   (626) 577-0124

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANA M. HANSON, for and on behalf of Southern California Painting & Drywall Industries Health & Welfare Fund, Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, and Southern California Painting & Drywall Industries Apprenticeship Trust Fund; and TIM D. MAITLAND, for and on behalf of International Union of Painters and Allied Trades Industry Pension Fund, Finishing Trades Institute, and Painters and Allied Trades Labor Management Cooperation Initiative ("IUPAT Industry Pension Funds"),<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SAH INDUSTRIAL PAINTING SERVICES; SANTOS A. HERNANDEZ, an individual; and DOES 1-10,<br><br>　　　　Defendants. | Case No.:   2:21-cv-7591<br><br>COMPLAINT FOR AN ORDER TO COMPEL AN AUDIT OF EMPLOYER'S RECORDS AND FOR DELINQUENT TRUST FUND CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS<br><br>[29 U.S.C. §§ 1002, 1132(a)(3), and 1145] |

/ / /

/ / /

Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1.  This is an action for delinquent contributions due to employee benefit plans. Jurisdiction in this Court is based on §§ 502(a)(3), 502(e)(1), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1145, and on § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

2.  Venue is proper in this Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and LMRA § 301(a), 29 U.S.C. § 185(a), in that this is the district where the plans, other than the IUPAT Industry Pension Fund, are administered and a defendant may be found.

**PARTIES**

3.  The claims in this action are brought on behalf of the Southern California Painting & Drywall Industries Health & Welfare Fund, the Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, the Southern California Painting & Drywall Industries Apprenticeship Trust Fund, and the IUPAT Industry Pension Fund (collectively "Trust Funds"). The Trust Funds are now, and were at all times material herein, jointly trusteed labor-management multiemployer trust funds created and maintained pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Trust Funds are "employee benefit plans" as that term is defined in ERISA § 3(3), 29 U.S.C. § 1002(3), and within the meaning of ERISA § 515, 29 U.S.C. § 1145.

///

4. Plaintiff Ana M. Hanson is, and at all times material has been, a trustee and enforcement administrator of the Southern California Painting & Drywall Industries Health & Welfare Fund, the Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund ("LMCC"), and the Southern California Painting & Drywall Industries Apprenticeship Trust Fund.  Plaintiff Hanson is a "fiduciary" as that term is defined in ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and within the meaning of ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorized by the foregoing listed trust funds to bring this action.

5. Plaintiff Tim D. Maitland is, and at all times material has been, the Fund Administrator of the International Painters and Allied Trades Industry Pension Fund, known as the "IUPAT Industry Pension Fund."  Plaintiff Maitland is a "fiduciary" as that term is defined in ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and within the meaning of ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorized by the IUPAT Industry Pension Plan to bring this action.

6. The Trust Funds were created pursuant to separate agreements and declarations of trust ("Trust Agreements") executed and maintained pursuant to collective bargaining agreements between the Painters and Allied Trades District Council 36, AFL-CIO ("District Council") and employers in the painting and drywall industry.  The Trust Funds are funded by payments from participating employers.

7. Plaintiffs are informed and believe, and on that basis allege, that Defendant SAH Industrial Painting Services (SAH) is a California business with its principal place of business in Acton, California.  SAH is an "employer" engaged in "commerce" and in an "industry affecting commerce" as defined in LMRA §§ 2(2)

and (7), 29 U.S.C. §§ 152 (2) and (7), and LMRA § 301(a), 29 U.S.C. § 185(a), and in ERISA §§ 3(5) and (12), 29 U.S.C. §§ 1002(5) and (12), and ERISA § 515, 29 U.S.C. § 1145.

8. Plaintiffs are informed and believe, and on that basis allege that Defendant Santos A. Hernandez, is an individual and was at all material times the sole owner of defendant, SAH.

9. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.

10. Plaintiffs are informed and believe, and thereon allege, that at all material times each of the defendants was the agent and/or employee of the remaining defendants and that each was acting within the course and scope of such agency and/or employment. To the extent that the conduct and omissions alleged herein were perpetrated by one or more defendants, the remaining defendants confirmed and ratified such conduct and omissions.

## FACTUAL ALLEGATIONS

**[THE OBLIGATION TO MAKE BENEFIT CONTRIBUTIONS]**

11. At all relevant times, SAH has been a party to and bound by a collective bargaining agreement ("CBA") with District Council #36. The Trust Funds have at all times been third party beneficiaries of the CBA. (True and correct copies of signed counterpart agreements are attached hereto as Exhibit "A".)

12. Under Article 18 of the CBA, the Employer is required to pay employee benefit plan contributions to the Trust Funds. The amounts of such contributions are based on the total number of hours worked by each covered employee or required to be paid to such employee, and the Employer is required to report on and pay such amounts monthly. (A true and correct copy of this Article is attached hereto as Exhibit "B".)

13. Under Article 18, Section 10 of the CBA, any employer who fails to make payments for the benefits provided herein and in said Agreements and Declarations of Trust, shall be personally responsible to the employee covered for the benefits which would have accrued by such coverage.

**[THE OBLIGATION TO ALLOW AN AUDIT BY THE TRUSTS]**

14. Under Article 18 of the CBA, defendants are required to permit an authorized Trust Fund representative to examine such records of defendants as is necessary to determine whether defendants have made the required Trust Fund contributions.

15. The Trust Funds' auditor, Alsweet Associates (Alsweet), has requested documents for review to determine the amount of, if any, contributions are delinquent to the Trust Funds for the time period September 1, 2017 – September 30, 2021.

16. SAH has not responded to Alsweet's request to conduct an audit on behalf of the Trusts.

/ / /

/ / /

17. SAH continues to violate the terms of the CBA by refusing to provide their books for audit. These records are necessary to determine amounts owed for the period requested in the audit. Defendant's breach is deliberate, willful and unjustified and the Trust Funds will continue to suffer irreparable injury, loss, and damages unless defendant is ordered specifically to perform all obligations required of it.

### FIRST CLAIM FOR RELIEF

### [FAILURE TO PAY MONIES OWED]

18. SAH is delinquent to the Trusts for contributions for various months during the time period September 2017 - April 2019 in the amount of $13,324.63. In addition to the amounts owing, Defendant has not submitted reports for the months of December 2017; January 2018; March 2018; June 2019-December 2019; January 2020 – December 2020; and January 2021 – August 2021. In addition, SAH has not submitted requested records for an audit for the time period of September 2017 – September 2021. Therefore, the contribution amount of $13,324.63 does not include amounts for any months with missing reports, or amounts discovered through an audit of SAH's records.

19. SAH has failed to pay liquidated damages on the amount currently due in the amount of $3,617.42.

20. SAH has failed to pay interest on amounts currently due in the amount of $1,840.14.

/ / /

/ / /

21. Because of this failure to pay the required contributions, plaintiffs are entitled under the CBA and Trust Agreements and pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), to interest on the unpaid contributions at the legal rate.

## SECOND CLAIM FOR RELIEF

**[FAILURE TO PRODUCE DOCUMENTS REQUESTED FOR AUDIT]**

22. Defendant is to provide all requested records to Alsweet Associates for an audit of the time period September 1, 2017 – September 30, 2021.

**WHEREFORE**, plaintiffs seek judgment against SAH as follows:

1. For delinquent contributions currently due and any that may be discovered in unsubmitted reports and through an audit of SAH's records;
2. For liquidated damages and interest on all unpaid contributions;
3. For reasonable attorneys' fees and costs incurred;
4. For an order compelling defendant to submit its records to Alsweet Associates for an audit as permitted by Article 18, Section 5 of the CBA between SAH Industrial and the Southern California Painters & Allied Trades District Council #36 for the period September 1, 2017 – September 30, 2021.
5. For such other and further relief as this Court deems proper.

DATED:   September 22, 2021        ANTHONY R. SEGALL
                                   MICHELE SHERER ANCHETA
                                   ROTHNER, SEGALL & GREENSTONE


                                   By:   /s/Michele Sherer Ancheta
                                         MICHELE SHERER ANCHETA
                                         Attorneys for Plaintiffs